ORDER
GRANTED IN PART; OTHERWISE DENIED because the defendant has not entered a dual plea of not guilty and not guilty by reason of insanity, and because Louisiana has long subscribed to the rule that a transient, substance-induced psychotic disorder does not in any event constitute a mental disease or defect for purposes of an insanity defense as defined by La. R.S. 14:14. See, State v. Scott, 344 So.2d 1002, 1005-1006 (La.1977); State v. Kraemer, 49 La. Ann. 766, 22 So. 254, 255-256 (1897). Dr. Deland may not give her opinion that defendant was actively psychotic at the time of the offense and, for that reason alone, lacked the capacity to form specific intent. It remains for the trial court to instruct jurors in its general charge at the close of the case that the defense of intoxication does not exempt a defendant from criminal culpability for his acts as does the defense of insanity but that it may negate an essential element of the charged offense if it is of such a degree as to preclude the presence of specific intent. La. R.S. 14:15(2); cf. La. C.E. art. 105. (“When evidence which is admissible as to one party or for one purpose but not admissible as to another party or for another purpose is admitted, the court, upon request, shall restrict the evidence to its proper scope and instruct the jury accordingly.”)
KIMBALL, C.J., and WEIMER, J., would deny.
JOHNSON, J., concurs in the grant.